JAMES GOODRICH & another *vs.* IRVING E. WESTON.

A copy, sworn to be correctly made from a press copy, of a letter, is admissible, as secondary evidence, to prove its contents, without producing the press copy.

CONTRACT for work and materials. At the trial in the superior court, before *Morton*, J., notice was given by the defendant to the plaintiffs to produce all letters received by them from him, and they accordingly produced several letters, which they testified were all that, after search, they could then find in their possession. The defendant then offered copies of several other letters which he testified that he deposited in the post-office, directed to the plaintiffs, postage prepaid. He also testified that these letters were first copied in his letter-book by a machine press; that his wife afterwards made the copies produced from the copies in the letter-book; that he had compared these copies with the copies in the letter-book, and that they were correct.

After his examination in chief was closed, and while he was being cross-examined on the subject of said copies, his counsel offered to send for the letter-book and produce it in court if desired by the plaintiffs, to which offer no reply was made; and the letter-book was not introduced or sent for. The plaintiffs

objected to the admission of the copies, upon the ground that they were not copies of the originals and that the letter-book itself would be the best evidence; but the judge overruled the objection. The verdict was for the defendant, and the plaintiffs alleged exceptions.

*C. H. B. Snow,* for the plaintiffs. Whenever it appears upon the face of the evidence offered by a party that he is in possession of better evidence, he should be required to produce it. 1 Greenl. Ev. § 84, and cases cited. *Mortimer* v. *Mc Callan,* 6 M. & W. 58, 69. *Brewster* v. *Sewell,* 3 B. & Ald. 296. *Brown* v. *Providence, Warren & Bristol Railroad Co.* 5 Gray, 35. A copy of a copy is never admissible in evidence; certainly not under circumstances like the present. 2 Phil. Ev. (4th Am. ed.) 572. 1 Taylor on Ev. § 497. *Liebman* v. *Pooley,* 1 Stark. 167 *Everingham* v. *Roundell,* 2 Mood. & Rob. 138. *Ryves* v. *Braddell,* Irish Term R. 184. *Holland* v. *Reeves,* 7 C. & P. 36. *Morris* v. *Vanderen,* 1 Dall. 64. *Winn* v. *Patterson,* 9 Pet. 633.

*G. A. Torrey,* for the defendant.

WELLS, J. The defendant, by giving notice to produce the original letters written by him to the plaintiffs, had entitled himself to prove their contents by secondary evidence. He produced copies, made by his wife from his letter-book, into which the originals had been first copied by a machine press; and testified that he had compared these copies with those in the letter-book, and that they were correct. He also testified that he deposited the originals in the post-office, directed to the plaintiffs. The offer to send for the letter-book, and produce it n court if desired, must be taken at least to relieve the defendant from any suspicion that the letter-book was improperly kept back. The objection to the admissibility of the copies stands, therefore, strictly upon the legal ground stated; namely, " that they were not copies of the originals, and that the letter-book itself would be the best evidence."

Whenever a copy of a record or document is itself made original or primary evidence, the rule is clear and well settled that it must be a copy made directly from or compared with the original. If the first copy be lost, or in the hands of the oppo-

site party, so long as another may be obtained from the same source, no ground can be laid for resorting to evidence of an inferior or secondary character. The admission of a transcript from the record of a deed or other private writing, for the record of which provision is made by law, is not an exception to, but only a modification of the same rule. But when the source of original evidence is exhausted, and resort is properly had to secondary proof, the contents of private writings may be proved like any other fact, by indirect evidence. The admissibility of evidence offered for this purpose must depend upon its legitimate tendency to prove the facts sought to be proved, and not upon the comparative weight or value of one or another form of proof. The jury will judge of its weight, and may give due consideration to the fact that a less satisfactory form of proof is offered while a more satisfactory one exists and is withheld, or not produced when it might have been readily obtained. But there are no degrees of legal distinction in this class of evidence. Although there has been much diversity of practice, and the decisions are far from uniform, more frequently turning upon special circumstances and facts than upon a general principle, the tendency of authority is, as we think, towards the establishment of the rule here stated. 2 Phil. Ev. (4th Am. ed.) 568. 1 Greenl. Ev. §§ 84, 582. *Stetson* v. *Gulliver,* 2 Cush. 494. *Robertson* v. *Lynch,* 18 Johns. 451. *Winn* v. *Patterson,* 9 Pet. 663. *Brown* v. *Woodman,* 6 C. & P. 206. *Doe* v. *Ross,* 7 M. & W. 102.

In this case the letter-book, if produced, would have been only secondary evidence. We are satisfied that the copies, admitted by the court below, were sufficiently verified to justify their admission as competent evidence of the contents of the original letters.                    *Exceptions overruled.*