BENJAMIN S. BINNEY *vs.* WILLIAM RUSSELL & others.

A witness whose deposition was taken out of the Commonwealth refused to annex to it a document in his possession, but annexed a copy which he swore to be correct. *Held,* that the copy was admissible in evidence.

CONTRACT on a promissory note. The answer alleged that the defendants made the note to the plaintiff in consideration of his assignment of certain letters patent, and of his covenant that he had not granted any licenses under them; and that the consideration had failed. Trial and verdict for the defendants in the superior court, before *Brigham*, C. J., who allowed a bill of exceptions, the material part of which is stated in the opinion.

*J. T. Wilson*, for the plaintiff

*C. Smith*, for the defendants.

CHAPMAN, C. J. In the defence of this case, it became important to prove that the plaintiff had given to George H. Mallory, of the city of New York, a license, a copy of which is set forth in the answer. The defendants took the deposition of Mallory, and requested him to produce the license and annex it to his answers. He produced it, but refused to annex it. But he annexed a copy of it, which he said he had compared with the orig-

inal, and swore to its correctness. This copy was admitted in evidence, and the plaintiff excepts to its admission.

This refusal to annex it was reasonable. It was held in *Clark* v. *Houghton*, 12 Gray, 38, 43, that a party is not bound to send the original document out of the Commonwealth to be proved by subscribing witnesses. The risk that it might be lost or obliterated in the course of transmission is one of the principal reasons on which the decision rests, and for the same reason it was proper for Mallory to refuse to part with his license. Being out of the jurisdiction, neither the defendants or the court could compel him to send it.

The general rule is, that original papers must be produced. The reason of the rule is, that there is a presumption that, if not produced, there would be something in them that would make against the party. But if he prove it to be in the hands of the adverse party, or lost or destroyed without his default, no such presumption can reasonably be made, and a copy will be admitted, because it is the best evidence that can be adduced. So if it cannot be produced because it is in a public office. And in general, if the best evidence is unattainable, a party may resort to secondary evidence. In *United States* v. *Reyburn*, 6 Pet. 352, which was an indictment for fitting out a privateer against the Emperor of Brazil, a witness who had seen the captain's commission on board the vessel was allowed to testify orally to its contents, it being without the jurisdiction. In *Mauri* v. *Heffernan*, 13 Johns. 58, it was held that a notarial copy of a contract was admissible, the original being in the possession of the notary out of the jurisdiction. See also *Bailey* v. *Johnson*, 9 Cowen, 115. The case of *Amherst Bank* v. *Conkey*, 4 Met. 459, is an authority in favor of a liberal rule in respect to the admission of secondary evidence when original papers are out of the jurisdiction. The license in question was out of the jurisdiction; and could not be obtained, though the defendants had taken all reasonable pains to produce it. The sworn copy was free from suspicion, and was properly admitted.

*Exceptions overruled.*