## ELIZABETH R. WILLIAMSON *vs.* CAMBRIDGE RAILROAD COMPANY.

Middlesex.    Jan. 12, 13. — Feb. 26, 1887.    HOLMES & GARDNER, JJ., absent.

In an action against a street railway corporation for personal injuries occasioned to the plaintiff by being thrown to the ground from a horse car, in which she was a passenger, through the alleged act of the conductor of the car in ringing the bell and starting the car while she was attempting to alight therefrom, evidence that, immediately after she struck the ground, the conductor, who came to her assistance, said that it was his fault, is inadmissible.

In an action against a street railway corporation for personal injuries, an agent of an insurance company testified for the defendant, that he solicited from the plaintiff, at a date subsequent to the injury, an application for a policy in the company he represented; that the plaintiff made such application, and he had with him on the witness stand a blank application such as was used by him at the time; that he asked the plaintiff the usual questions, and wrote down the answers on the blank, which the plaintiff afterwards read and signed; that the original blank application thus filled and signed was at the office of the company in another State; that he had made efforts to get the original from that office, but, instead of the original, what purported to be a copy thereof was sent him, which he produced; and that it was an exact copy of the original signed by the plaintiff. The defendant then offered the copy in evidence; and the judge admitted it. *Held*, that the plaintiff had no ground of exception.

TORT for personal injuries occasioned to the plaintiff by being thrown from the defendant's horse car, in which she was a passenger, while attempting to alight therefrom, through the alleged negligence of the defendant's servants. Trial in the

Superior Court, before *Mason*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff introduced evidence tending to show that the defendant's horse car, (it being an open car,) having arrived at or near its usual place for stopping, in Bowdoin Square in Boston, came to a full stop; that then the plaintiff proceeded to alight from the car; and that, while she was in the act of doing so, the defendant's conductor struck the bell, started the car, and thus threw her to the pavement, causing the injuries complained of. The whole evidence as to whether the defendant's car was at a full stop when the plaintiff attempted to alight therefrom was conflicting.

The evidence also tended to show that the plaintiff lost consciousness for a moment on striking the pavement; that several persons immediately came to her assistance, and among them the conductor, who said, " I am very sorry, madam, that was my fault."

Evidence of such admission of the defendant's conductor was objected to.

The plaintiff contended that the conductor's remark was made at a time so near the act of starting the car and the fall of the plaintiff, within a second or so, that it was part of the *res gestæ*. The judge excluded the evidence.

The defendant offered the evidence of an agent of a foreign insurance company, who testified, in substance, that he solicited from the plaintiff, at a date subsequent to the injury complained of, an application for a $200 policy in the company he represented; that she made such application, and that he had with him on the witness stand a blank application such as was used by him at the time; that he asked her the usual questions, and wrote down the answers on the blank, which she afterwards read and signed; that the original blank application thus filled and signed was at the home office in New York; that he had made efforts to get the original from the home office, but that, instead of the original, what purported to be a copy thereof was sent him, which he produced; and that it was an exact copy of the original signed by the plaintiff. The defendant then offered the copy in evidence; and the judge admitted it, against the plaintiff's objection.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*S. H. Dudley*, for the plaintiff.

*S. Hoar*, for the defendant.

W. ALLEN, J. This case cannot be distinguished from *Lane* v. *Bryant*, 9 Gray, 245. That was an action for injury to the plaintiff's carriage by collision with the defendant's wagon driven by his servant. A witness was asked " what the ser- vant ·said to the plaintiff at the time of the accident, and while the plaintiff was being extricated from his carriage, and while the crowd was about." The reply, that the servant said the plaintiff was not to blame, was admitted, and an exception to ·its admission was sustained. Mr. Justice Bigelow, in delivering the opinion of the court, said, in language which well applies to the case at bar: " The declaration of the defendant's servant was incompetent, and should have been rejected. It was made after the accident occurred, and the injury to the plaintiff's carriage had been done. It did not accompany the principal act, . . . . or tend in any way to elucidate it. It was only the expression of an opinion about a past occurrence, and not part of the *res gestæ*. It is no more competent because made immediately after the accident than if made a week or a month afterwards."

In the case under consideration, the plaintiff relied upon the act of the conductor in ringing the bell and starting the car while the plaintiff was leaving it, to prove negligence in the defendant. The words of the conductor did not form part of that transaction, or in any manner qualify his act, or any act of the plaintiff. They were in form and substance narrative, and expressed an opinion upon a past transaction. The words, if competent as an admission, might have been evidence to show what the character of the transaction was, but they did not enter into it and give it character, any more than would the declara-· tion of the conductor that he had not been in fault, or that the plaintiff had been. In the opinion of a majority of the court, . the evidence was properly excluded.

The contents of the application for insurance by the plaintiff were provable by secondary evidence. *Binney* v. *Russell*, 109 Mass. 55. Any secondary evidence was competent. *Goodrich* v. *Weston*, 102 Mass. 362. The witness produced a paper which

purported to be a copy of the application made by the plaintiff, and which contained printed questions and written answers thereto. He testified that he took the plaintiff's application, using a printed blank such as that produced; that he wrote down her answers on the blank, which she afterwards read and signed; and that the paper produced was an exact copy of that signed by the plaintiff. We think that the evidence was sufficient to authorize the admission of the paper in evidence. The printed questions were clearly admissible. It is equally clear, that oral testimony of the contents of the written answers was competent. The witness could state orally from memory what the answers were. It was in the discretion of the court to allow him to write down the answers which he remembered had been written by him, and read and signed by the plaintiff, in the places upon the printed form in which they were in the original paper. If he could write them himself, he could testify to their correctness when written by another. The paper did not go to the jury as an examined copy, authenticated by comparison with the original, and of itself evidence, but as showing what the original was, as testified to by the witness from his recollection of it. We think that it was within the discretion of the court to allow it to go to the jury. *Exceptions overruled.*