REBECCA E. THOMPSON

v.

NATIONAL EXPRESS COMPANY.

JANUARY TERM, 1894.

*Negligent driving in highway.     Contributory negligence.
Evidence.*

1.  Evidence that while the defendant's team was collecting ex-
    press packages the driver sprang upon the wagon and
    started his horse into a trot along the side of a much fre-
    quented street near its junction with another busy street,
    looking towards the stores on that side, and not observing
    nor managing his team with reference to the plaintiff, who
    was thereby struck while crossing the street, tends to show
    negligence upon the part of the defendant.

2.  The accident occurred near the junction of two of the most
    frequented streets in the city of Rutland, while the plaintiff
    was attempting to cross one of those streets.   The plaintiff
    testified that she looked in both directions and neither saw
    nor heard the team which struck her.   *Held*, that the
    question of contributory negligence was for the jury.

3.  Evidence of pains in other parts of the body than those speci-
    fied in the declaration as having been injured is admissible,
    provided such pains are referred to the injuries received as
    their cause.

Case for personal injuries received through neglect of de-
fendant.   Plea, the general issue.   Trial by jury at the
September term, 1893, Rutland county, ROWELL, J., pre-
siding.   The defendant moved for a verdict which the court
denied.   Verdict and judgment for the plaintiff.   The de-
fendant excepts.

*J. C. Baker* for the defendant.

The court should have directed a verdict. The evidence did not tend to show negligence upon the part of the defendant and did show contributory negligence in the plaintiff. *Worthington* v. *Railroad*, 64 Vt. 107; *Latremouille* v. *Railway*, 63 Vt. 336; *Stock* v. *Wood*, 136 Mass. 353; *Barker* v. *Savage*, 45 N. Y. 191; *Belton* v. *Baxter*, 54 N. Y. 245; *Brooks* v. *Schwerin*, 54 N. Y. 343; *Stringer* v. *Frost*, 116 Ind. 477.

The plaintiff was allowed to show special damages not alleged in the declaration. *Roberts* v. *Graham*, 6 Wall. 578; *Tomlinson* v. *Derby*, 43 Conn. 562; *Taylor* v. *Monroe*, 43 Conn. 36; *French* v. *Wilkinson*, 93 Mich. 322; *Fuller* v. *Jackson*, 92 Mich. 197.

*Butler & Moloney* for the plaintiff.

The plaintiff's evidence tended to show reckless and negligent driving upon the part of the defendant's servant. *Barber* v. *Essex*, 27 Vt. 62; *Vinton* v. *Schwab*, 32 Vt. 612; *Durgin* v. *Danville*, 47 Vt. 95; *Rogers* v. *Swanton*, 54 Vt. 592; *Fassett* v. *Roxbury*, 55 Vt. 552.

ROSS, C. J.    I.    There was evidence tending to show that the injury was caused by the negligence of the driver of the team belonging to the defendant when being used in the defendant's business.    The plaintiff and defendant's team and driver were in the rightful use of one of the most frequented streets of the city of Rutland.    The plaintiff was crossing, on foot, Centre street, near its junction with Broadway.    The defendant's team, delivering and collecting packages, was, when the plaintiff started to cross Centre street, standing on the north side of that street, three or four rods above its junction with Broadway.    In the use of Centre street both parties were bound to exercise her and its

right with reasonable prudence and care, so as not to inter-fere with the exercise, in a reasonably prudent manner, of the right of the other.

The testimony tended to show that while the plaintiff was walking across Centre street the driver of the defendant's team jumped upon the wagon and started the horse into a trot down the north side of the street, the driver looking towards the stores along the north side of Centre street to see if they had any express business that needed attending to, and not observing nor managing the team with reference to the plaintiff's use of the street. While the team was moving in this manner, practically uncontrolled by the driver, it ran against the plaintiff, causing the injury. In these facts, which the evidence tended to establish, there was evidence tending to establish that the injury was caused by the negligence of the defendant's driver, in his imprudent and careless management of or failure to manage the team.

Whether the plaintiff's use of the street was careless and negligent, and that carelessness and negligence contributed to the happening of the accident that caused the injury, on the plaintiff's testimony is not so manifest that no two rea-sonable minds could or would differ in regard to it. In crossing the street at that point, necessarily, she must have care, with reference to teams coming south on Broadway and turning up Centre street, and to teams coming down Centre street. Her testimony was to the effect that, before starting to cross, and while crossing, she looked in both of these directions, and that the team came upon her while her attention was directed towards Broadway, without being heard or seen by her while it was moving. The point is near the railroad station, where there is usually more or less noise. There were also quite a number of people moving and standing near by. Hence it was an open question whether she was in the exercise of reasonable care, and the question of the negligence of the driver and whether the

plaintiff was guilty of contributory negligence were proper-
ly submitted for determination to the jury.

II.   An inspection of the record shows that the testimony
excepted to by the defendant, relating to pains suffered by
the plaintiff in her back and in the back of her neck, was
admitted only as evidence of pains resulting from the inju-
ries specified in the declaration.   It was not admitted as
evidence of injuries received at those points, and not set out
in the declaration.   Thus limited, there was no error in re-
ceiving this testimony.

*Judgment affirmed.*