STATE BANK AND TRUST COMPANY OF LOS ANGELES *vs.*
JAMES D. EVANS & others.

Suffolk.    November 20, 21, 1907. — February 29, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Bills and Notes. Agency. Evidence,* Best and secondary, Proof of foreign law.
*Words,* "Indorse."

In an action against the indorsers of a promissory note, where it appears that the names of the indorsers were written on the back of the note by an agent before delivery, expressly waiving demand and notice, and the defendants admit that they gave the agent authority to indorse the note in their names but deny that they gave him authority to waive demand and notice, the terms of a former note, in renewal of which the note in suit was given, on which the same indorsers expressly waived demand and notice, are material, the former note and its indorsement being a part of the circumstances affecting the situation at the time the authority was given to the agent to indorse the note in suit.

In an action against the indorsers of a promissory note, where the terms of a former note, in renewal of which the note in suit was given, are material, if it appears that the plaintiff cancelled and surrendered the former note at the time the note in suit was given, and that the surrendered note, even if it is in existence, is beyond the jurisdiction of the court, and the defendants fail, upon the plaintiff's demand, to produce it at the trial, the trial judge may admit secondary evidence of the contents of the surrendered note.

In an action against the indorsers of a promissory note, where it appeared that the names of the indorsers were written on the back of the note by an agent before delivery, expressly waiving demand and notice, and the defendants admitted that they gave the agent authority to indorse the note in their names but denied that they gave him authority to waive demand and notice, the evidence showed that the authority to indorse the note was given by brief telegrams from the indorsers authorizing the agent to indorse the note for them without further directions, the evidence also showed that the note was given in renewal of a former note on which the same indorsers expressly had waived demand and notice, and it might have been found that at the time of the telegrams it was neither the expectation nor the purpose of the defendants that the note should be paid when due, and that they desired simply an extension of time by the way of a renewal and not a change in their liability to the payee, and it further might have been found that the defendants supposed that the second note was to be made in the same general form as the first and that all the names should be placed on the note before its delivery to the payee. The trial judge found for the plaintiff. *Held,* that the finding was justified; that the word "indorse" in the brief telegrams was not used in its strictly technical sense, but was to be interpreted as authorizing the placing of the names of the defendants on the back of the note before its delivery in the same way in which they stood on the former note and with the same legal effect; and, consequently, that the defendants were bound as though they personally had done what their agent did for them.

In an action against the indorsers of a promissory note where the liability of the

defendants depends on the law of another State, if it appears that the names of the defendants were upon the note before its delivery to the payee, and no evidence in regard to the common law or the statute law of the other State is introduced to show that it differs from the common law of this Commonwealth, *whether* the liability of the defendants will be determined by the common law of this Commonwealth as it was before the enactment of St. 1874, c. 404, which would make the defendants liable as joint promisors, *quaere.*

CONTRACT against James D. Evans, Homer F. Hunt and Horace P. Hunt, three of the indorsers upon a promissory note for $2,302.50 dated September 2, 1902, made by the Macedonia Mining and Milling Company, payable to the plaintiff or order, and bearing, among others, the indorsements of the defendants. Writ dated July 20, 1905.

In the Superior Court this case was heard by *Sherman,* J., without a jury.

The plaintiff introduced in evidence the note sued upon, which was as follows:

" Los Angeles, Cal., Sept. 2, 1902.

" $2,302.50.

" Four months after date, for value received, Macedonia Mining & Milling Co. a corporation, promises to pay State Bank and Trust Co, of Los Angeles, or order, at their office in this city, Twenty-three hundred two and 50-100 Dollars, in United States Gold Coin, with interest in like gold coin, from Sept. 2, 1902 until paid at the rate of seven per cent per annum, payable monthly, and if not so paid to become part of the principal, and bear the like rate of interest.

" In testimony whereof, the President and Secretary of said Corporation, under authority of a resolution had by the Board of Directors, have hereunto signed the name of the Corporation, and affixed its corporate seal.

" Macedonia Mining & Milling Company,

(Corporate seal.)    " By Carroll Allen,       By R. J. Dyas,
                         " Secretary.        President."

[Indorsed:]

" H. P. Hunt,
  H. F. Hunt,
  James D. Evans,
  R. J. Dyas,
  W. A. Boeck."

" I hereby guarantee the payment of the within note, waiving demand, presentment for payment, protest and notice of protest."

" I hereby guarantee the payment of the within note, waiving demand, presentment for payment, protest and notice of protest.

" R. J. Dyas,

W. A. Boeck."

The plaintiff also introduced in evidence certain decisions of the Supreme Court of California and certain sections of the Civil Code of California.

The plaintiff offered in evidence no oral testimony but put in the depositions of J. W. A. Off, the cashier of the plaintiff, and of Carroll Allen, an attorney at law of Los Angeles, California. Parts of the substance of these depositions, as reported by the judge, are quoted and described in the opinion.

The telegrams referred to in the opinion were as follows:

" NK New York Aug. 30 1902

 Carroll Allen

  321 Bullard Bldg, Los Angeles

" We hereby authorize you endorse for us note

 State Bank with Dyas Boeck

" H. P. & H. F. Hunt "

" Watertown Mass Sep 2-02

" Carroll Allen

  Bullard Block

   Los Angeles

" Endorse for me without Richardson

" J. D. Evans

" 6.30 am "

It appeared that the note sued upon was given in renewal of a former note of the Columbia Mining and Milling Company, of which the Macedonia Mining and Milling Company was the successor. This note was cancelled by the plaintiff's cashier when the note in suit was accepted, and was surrendered to Dyas, the president of the Macedonia Mining and Milling Company. At that time the defendant Evans was the president of the Columbia Mining and Milling Company. The surrendered note was not produced in evidence, and the defendants objected and excepted to the admission of the testimony contained in the depositions concerning that note, on the grounds that the note was immaterial and, even if it was material, that such testimony was

not the best evidence of its contents. It appeared that the surrendered note was not in the possession of the plaintiff at the time of the trial, and that the defendants, on demand, did not produce it at the trial. The judge in the exercise of his discretion admitted the secondary evidence of the contents of the surrendered note.

The defendants admitted at the trial that they gave Carroll Allen authority to indorse the note in suit, but denied that they gave him authority to waive notice and demand as such waiver appeared on the back of the note. There was no evidence of protest or actual notice of nonpayment given to the defendants when the note matured.

The judge made the following findings of fact:

"1. I find that the defendants on the back of the Columbia Mining and Milling Company's note, dated May 2, 1902, personally indorsed their names at the top of the back of said note, and that under said signatures an impression was made by a rubber stamp in these words — 'I hereby guarantee the payment of the within note, waiving demand, presentment for payment, protest and notice of protest,' and that below this rubber stamp the defendants again personally indorsed their names, and that the note was in this condition and bore these indorsements and waiver when it was delivered to the plaintiff.

"2. I further find that Carroll Allen was duly authorized by each of the defendants to indorse the names of said defendants on the back of the note here sued on and that he made such indorsements, and that the waiver in the following words — 'I hereby guarantee the payment of the within note, waiving demand, presentment for payment, protest and notice of protest,' which appeared on the back of the note here sued on at the upper right hand side thereof, was placed thereon by said Carroll Allen at the time that he as their agent indorsed the names of the defendants on the back of said note, and that this was done with the intention of making such waiver in behalf of each of these defendants, and that after such indorsements and waiver, the note was then delivered to the plaintiff or its officers by said Carroll Allen as agent of the defendants."

The judge found for the plaintiff in the sum of $3,188.99 as of May 2, 1907, and at the request of the parties reported the questions of law for determination by this court. If his finding

was warranted, judgment was to be entered for the plaintiff upon such finding; if it was not warranted, judgment was to be entered for the defendants.

*W. Wells*, for the plaintiff.

*V. Skinner*, for the defendants.

HAMMOND, J.   Upon this report only two questions are raised, of which the first is one of evidence and the second one of agency.

1. As to the question of evidence.   For reasons hereinafter stated we are of opinion that the form of the note of the Columbia Mining and Milling Company and of the indorsement on the back thereof were admissible.   The note and indorsement were a part of the circumstances affecting the situation at the time the telegrams were sent to Allen, and may properly be taken into consideration in interpreting them.   The note had been paid and the chances were that it had been destroyed, but, even if it were in existence, the power of the plaintiff to produce it was not shown; and since it was beyond the jurisdiction of the court there was no power in the court to cause its production.   Under the circumstances disclosed in this case the trial judge was justified in finding that the plaintiff had made reasonable efforts to procure the original, and, having so found, in receiving secondary evidence of its contents.   *Binney* v. *Russell*, 109 Mass. 55.   *Williamson* v. *Cambridge Railroad*, 144 Mass. 148.   *L'Herbette* v. *Pittsfield National Bank*, 162 Mass. 137, at p. 141.

2. As to the question of agency.   Upon this question there was evidence tending to show the following facts: "That prior to the giving of the note in suit, a promissory note for two thousand three hundred and two dollars and fifty cents ($2,302.50) was made and dated Los Angeles, California, May 2nd, 1902, payable four months after date to the State Bank & Trust Company of Los Angeles or order by the Columbia Mining & Milling Company, hereinafter called Columbia Company, and personally endorsed on the back thereof at said Los Angeles by H. P. Hunt, R. J. Dyas, W. A. Boeck, and by these defendants James D. Evans and Homer F. Hunt: That immediately under said indorsements were the following words, impressed by a rubber stamp: 'I hereby guarantee the payment of the within

note, waiving demand, presentment for payment, protest and notice of protest,' and below this stamped impression, the same parties personally indorsed their names again : That the note was then delivered to the plaintiff and a legal consideration therefor given : That the defendants were stockholders of said Columbia Company and financially interested in the scheme in which said money was used : That this Columbia Company note became due September 2nd, 1902 : That in the meantime, the Macedonia Mining & Milling Company, hereinafter called the Macedonia Company, had taken over the assets of the Columbia Company, and the stockholders of the Columbia Company including these defendants, had given up their stock to the Macedonia Company and taken therefor stock of the latter Company on the basis of $7\frac{1}{2}$ shares of the Macedonia Company stock for one share of the Columbia Company stock. . . . That shortly before September 2nd, 1902, the President of the Macedonia Company, who was the said indorser R. J. Dyas, wished to renew the Columbia Company note : That as a result of communications received by the defendants while in the East, from said Carroll Allen, who shortly before had represented the defendants in some litigation in Los Angeles and who was one of the attorneys of the plaintiff bank, but who was at this time acting as Treasurer of the Macedonia Company to represent the defendants' interest therein, the defendant Homer F. Hunt and one H. P. Hunt, his brother, on whom no service was obtained in this case, on August 30th, 1902, and the defendant Evans on September 2nd, 1902, telegraphed to said Allen authority to endorse in their names the note here sued on."

The evidence tended further to show that these telegrams were received by Allen on September 2, and on the same day were shown by him to the plaintiff's cashier. Allen then indorsed the names of the defendants on the back of the note here in suit. At the request of the cashier, who objected to the note on the ground that there should be a guarantee and waiver of demand similar to that on the Columbia Company note, Allen then affixed, by means of a rubber stamp, at the upper right side of the back of the note, the words : " I hereby guarantee the payment of the within note, waiving demand, presentment for payment, protest and notice of protest," intending such waiver

to be in behalf of each of these defendants. That Allen intended to bind the defendants by this writing and that they were bound if he had such authority, there can be no doubt. Was he authorized to do it?

The trial judge might properly have regarded the second note as in substance a renewal of the first. The first note was coming due and the defendants were liable upon it without demand, notice, protest or waiver of protest ; and the judge properly may have found that at the time of the telegrams it was neither the expectation nor the purpose of the defendants that it should be paid when due, and that they desired simply an extension of time by the way of a renewal, and not a change in their liability to the payee. The judge might have found further that the defendants supposed that the second note was to be made in the same general form as the first, namely; that it should be made directly to the plaintiff and that all the names should be placed on the note before its delivery to the payee, or in other words, that their names were not to go on as indorsers in the strict sense of the term.

Interpreting the brief telegrams in the light of these findings and other circumstances set forth upon the record, we are of opinion that they justify the conclusion that the word " indorse " is not therein used in its strictly technical sense, but is to be interpreted as authorizing the placing of the names on the back of the note before its delivery in the same way in which they stood upon the note which was to be renewed and with the same legal effect, and consequently that the defendants are bound as though they personally had done what Allen did for them. It follows that the finding for the plaintiff must stand.

It becomes unnecessary to inquire into the soundness of another ground upon which the plaintiff contends that the defendants were liable, namely, that by the common law of this State (presumably the same in California), as it existed until changed by St. 1874, c. 404, the defendants having allowed their names to go on this note before its delivery to the payee were liable as joint promisors, and so were not entitled in any event to demand or notice. See *Cherry* v. *Sprague,* 187 Mass. 113, and cases there cited.

*Judgment on the finding.*