SMITH v. NATIONAL BANK OF D. O. MILLS & CO.

(Circuit Court, D. Nevada. April 18, 1910.)

DEPOSITIONS (§ 68*)—ORIGINAL DOCUMENTS—DUTY OF WITNESS TO ATTACH.
    Rev. St. § 869 (U. S. Comp. St. 1901, p. 665), provides for the taking of a deposition of a witness in a federal district or territory other than that in which the suit is pending, declaring that if the witness after being served with subpoena fails to produce to the commissioner any paper, writing, written instrument, book, or other document being in his possession or power and described in the subpoena requiring such produc-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

꞉꞉꞉꞉ and such failure is proved to the satisfaction of the judge, he may proceed to enforce obedience of the subpœna or punish the disobedience in like manner as any court of the United States may proceed in case of disobedience to like process issued by the court, and that when any such paper, writing, etc., is produced to the commissioner, he shall at the cost of the party requiring the same cause to be made a correct copy thereof, or of so much thereof as may be required by either of the parties. *Held*, that such section exclusively defined the limitations of the powers of the commissioner appointed to take depositions in a federal district other than that in which the suit was pending, and hence, while the witness was bound to sign the deposition when completed, he was not required to surrender possession of a draft and letters of instructions concerning which the suit was brought, so that the original might be attached to the deposition; the party taking the deposition being at most only entitled to certified copies thereof.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 155–157; Dec. Dig. § 68.*]

Action by Bertha Smith against the National Bank of D. O. Mills & Co. On petition to punish one Taylor for contempt. Denied.

See, also, 191 Fed. 226.

Mack & Green, for petitioner.

Cheney, Massey & Price, for respondent.

FARRINGTON, District Judge. This cause is now pending in the Circuit Court of the United States for the Northern District of California. In its aid a subpœna duces tecum was issued out of this court requiring George H. Taylor, assistant cashier of the Washoe County Bank, to appear before J. L. Van Derworker, a notary public, at Reno, Nev., and there to produce certain letters and instructions and a draft sent by the National Bank of D. O. Mills to said Washoe County Bank, directing the latter to collect the sum of $4,779.75 from the State Bank & Trust Company for the said Bertha Smith. At the time specified Mr. Taylor appeared before the notary, and produced the required documents. His testimony, being taken and transcribed, was by him corrected and declared to be correct. The 16 documents produced by this witness were not only read into the evidence, but were numbered and marked as plaintiff's exhibits, but Mr. Taylor refused to sign the deposition, unless the exhibits were returned to him. This matter now comes before the court on a rule requiring Mr. Taylor to show cause why he should not be compelled to sign said deposition, and be punished for refusing to do so, and also required to pay the costs of this proceeding.

Plaintiff alleges that defendant employed the Washoe County Bank as its agent to collect said $4,779.75 from the State Bank & Trust Company, that the money was so collected, and that she will be unable to establish these facts without the testimony of the said Taylor and the 16 exhibits now in the custody of the notary. Mr. Taylor swears that the exhibits in question are the property of the Washoe County Bank; that at the hearing before the notary he objected to any marking or numbering of the exhibits, and only parted with the actual possession of the same to enable the stenographer to make correct copies, with the claim and expectation that the originals would be returned

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as soon as this purpose was accomplished. Mr. Taylor also states in his affidavit that the bank of D. O. Mills & Co. claims that the Washoe County Bank is liable to it for any judgment or damages which the plaintiff may recover in said action, and consequently the possession of said exhibits by said Washoe County Bank is necessary for its protection.

The deposition here was taken under sections 863, 864, 865, and 869 of the Revised Statutes of the United States (U. S. Comp. St. 1901, pp. 661, 663, 665). Section 869, which contains the only provisions relative to the power of a federal court to compel the production of documentary evidence to be used on the trial of a cause pending in another jurisdiction, reads as follows:

"When either party in such suit applies to any judge of a United States court in such district or territory for a subpœna commanding the witness, therein to be named, to appear and testify before said commissioner, at the time and place to be stated in the subpœna, and to bring with him and produce to such commissioner any paper or writing or written instrument or book or other document, supposed to be in the possession or power of such witness, and to be described in the subpœna, such judge, on being satisfied by the affidavit of the person applying, or otherwise, that there is reason to believe that such paper, writing, written instrument, book or other document is in the possession or power of the witness, and that the same, if produced, would be competent and material evidence for the party applying therefor, may order the clerk of said court to issue such subpœna accordingly. And if the witness, after being served with such subpœna, fails to produce to the commissioner, at the time and place stated in the subpœna, any such paper, writing, written instrument, book, or other document, being in his possession or power, and described in the subpœna, and such failure is proved to the satisfaction of said judge, he may proceed to enforce obedience to said process of subpœna, or punish the disobedience in like manner as any court of the United States may proceed in case of disobedience to like process issued by such court. When any such paper, writing, written instrument, book, or other document is produced to such commissioner, he shall, at the cost of the party requiring the same, cause to be made a correct copy thereof, or of so much thereof as shall be required by either of the parties."

Congress having legislated so fully and minutely on this subject, it must be held that the power and authority of this court, and of the notary, are defined and limited by the statute. "Where Congress has legislated upon a matter of practice for the federal courts, such legislation becomes the sole and supreme guide." United States v. National Lead Co. (C. C.) 75 Fed. 94; Gregory v. Chicago, Milwaukee & St. Paul R. R. (C. C.) 10 Fed. 529.

The witness may be compelled to appear to testify, and to produce documents in his power or possession, provided the same are material and competent evidence in behalf of the party applying therefor. The statute does not say that the witness may be compelled to produce documents in another jurisdiction, or in the court where the action is pending. The production which can be compelled is the production to the notary taking the deposition at the time and place mentioned in the subpœna. The statute seems to confer no authority to interfere with the witness' possession and control of documents other than such as is requisite to enable the notary, or other officer before whom the deposition is being taken, to cause to be made correct copies of

such documents, or of so much thereof as may be required by either of the parties.

Plaintiff insists very strenuously that the exhibits in question must be attached to the deposition by the notary public, and forwarded to the court in California where the action is to be tried, and that this court should make an order to that effect. While it is apparent that actual inspection of the exhibits by the trial court may be of great advantage to plaintiff, my attention has not been called to any authority, statutory or otherwise, which confers upon this court authority to compel such action on the part of the officer taking the deposition, or to coerce the witness to surrender these documents in order that they may be removed into another jurisdiction. These views are sustained by the following cases: Easton v. Hodges, 8 Fed. Cas. 271, No. 4,258; Clark v. Houghton et al., 12 Gray (Mass.) 38, 43; Binney v. Russell, 109 Mass. 55; Hauenstein v. Gillespie, 73 Miss. 742, 19 South. 673, 55 Am. St. Rep. 569.

In Clark v. Houghton, supra, the court said:

"A party is not bound to send original documents out of the commonwealth to be proved by subscribing witnesses. The risk that they may be lost, obliterated, or mutilated in the course of transmission is one of the main reasons on which the exception to the rule dispensing with the testimony of attesting witnesses who are out of the state is founded."

In Binney v. Russell, supra, a witness whose deposition was being taken in New York for a cause pending in Massachusetts produced a license, but refused to annex it to his answers. The witness annexed a copy which he swore was correct. The Supreme Court of Massachusetts held that this copy was correctly admitted in evidence, and that the refusal of the witness to annex the original license was reasonable.

The witness Taylor is therefore ordered to affix his signature to the deposition forthwith, but, as the limit of the court's authority over the documents has been reached, no order will issue directing the notary to attach the exhibits to the deposition.