CREECH, ADMX., *v.* THE NEW YORK, CHICAGO & ST. LOUIS RD. CO.

*Negligence—Directed verdict for railroad—Insufficient evidence of cause of brakeman's death—Failure to give starting signal not negligence, where train moving—Evidence —Conversation with brakeman as to cause of injury incompetent—Incompetent evidence treated as excluded, where received over objection, when.*

1. Evidence of railroad's negligence as to brakeman killed by cars *held* insufficient for jury.
2. Railroad's failure to give signal of starting of train is not negligence as to brakeman killed, where all the evidence tends to show that the train was moving at time his lantern was seen along track.
3. Testimony of conversation with deceased brakeman after injury relative to cause of injury is incompetent in behalf of his personal representative in action against railroad company for his wrongful death.
4. Trial court, in passing on motion for directed verdict, could treat incompetent evidence as being excluded, especially where it was received over objection.

(Decided April 24, 1925.)

ERROR: Court of Appeals for Huron county.

*Messrs. Rowley & Carpenter,* for plaintiff in error.

*Messrs. C. P. & R. D. Wickham,* and *Mr. E. G. Martin,* for defendant in error.

WILLIAMS, J. Joseph G. Creech, the decedent, was severely injured at North Kingsville, Ohio, between Conneaut and Ashtabula, while acting as head brakeman for the defendant company, and shortly thereafter died from his injuries. His ad-

ministratrix brought an action for wrongful death, and, upon trial of the case, the court, after the plaintiff had rested, directed a verdict for the defendant company.

The decedent engaged in conversation shortly before his death, as appears from the evidence, but aside from such conversation it is impossible to learn from the evidence how he came to be killed. Three witnesses with knowledge of the transaction were called on behalf of the plaintiff.

Tony Grubke, a farmer, testified that he came with an automobile and picked up the decedent while he was still alive and carried him to the infirmary near by. He says that he found him lying on the east side of what was known as the infirmary crossing at North Kingsville, and on the south side of the railroad track; that he was lying at that time about 15 feet west of a cattle pass which afforded a way for animals through and under the tracks of the railroad company. He testified that the construction above the cattle pass consisted of stringers, rails and ties, and that the ends of the ties extended out about 16 inches from the rail.

John H. Stack, a watchman, at the infirmary, another witness called for the plaintiff, testified that he saw two lights, apparently coming from lanterns, along the track as the train upon which the defendant was head brakeman moved out; that as the train was moving along he saw one of the lights disappear somewhere near the cattle pass; and that the night was dark.

Carroll Hill, middle brakeman on the same train as the decedent, testified that he gave the signal to

the decedent for the train to pull out of the station, and that the decedent relayed the signal to those in the cab of the engine; that thereupon the train moved forward in its departure from the station; and that as it was moving along he saw the light of decedent's lantern as he walked along the track.

Aside from the conversation of the decedent referred to, the foregoing is substantially all the evidence offered tending to show how the decedent happened to be killed. The conversation referred to was between the decedent and the witness John H. Stack, and was as follows:

"He (decedent) told me (Stack) that he was coupling up, and he dropped his keys and book and reached over to pick them up, and they started."

Was there a scintilla of evidence as to the negligence of the defendant company? If this question is answered in the negative the court below properly directed a verdict, and the judgment should be affirmed. It is claimed on behalf of the plaintiff in error that the evidence tends to show that he stumbled over the cattle pass referred to. We are of the opinion that there is not any evidence in the record tending even in the slightest degree to show that the decedent stumbled over the cattle pass. He was about 15 feet from it when found, and, as there was only 16 inches between the ends of the ties and the rail, with the train moving along having considerable overhang, it would be practically impossible for him to walk along the ends of the ties in crossing the cattle pass. On the other hand, had he, ignorant of its location, walked into it, he would unquestionably have fallen

to the bottom of it. We cannot see how the inference could be drawn from the facts as proven that the decedent stumbled over the cattle pass.

We cannot see how negligence could be predicated upon the failure of the defendant company to give a signal of the starting of a train, if there was such failure, because, according to the testimony of all the witnesses who saw the transaction, the train was moving in its final departure from the station at the time the decedent's lantern was seen along the track.

The only evidence explaining decedent's injury is his own statement above quoted. While the testimony as to this conversation was objected to by the defendant company, it seems that it was admitted and that the defendant saved no exceptions thereto. Clearly it was incompetent. Were the evidence as to this conversation competent, we are not prepared to say that the cause should not have been submitted to the jury. We are of the opinion that the court in passing upon the motion for a directed verdict had a right to treat the question presented as if the incompetent evidence of this conversation had been excluded, especially in view of the fact that it was received over the objection of the defendant company.

As there was no evidence of the negligence of the defendant company, the trial court did not err in directing a verdict. There is no prejudicial error disclosed by the record, and the judgment will be affirmed.

*Judgment affirmed.*

RICHARDS and YOUNG, JJ., concur.