LORRAINE JONES, b. n. f. *v.* GAY'S EXPRESS, INC.

October Term, 1939.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 7, 1939.

*Wm. R. McFeeters* for the defendant.

*Sylvester & Ready* for the plaintiff.

BUTTLES, J. In this tort action the plaintiff seeks to recover damages for personal injuries suffered in a collision between the automobile in which she was riding as a passenger and a truck and trailer belonging to the defendant and driven by its em-

ployee, one Valisi, in the business of the employer. The accident happened about noon on Nov. 17, 1938, on the so-called Williamstown Gulf road in the town of Williamstown. The truck was headed in a northerly direction, up a hill on a curve to the left. At the place of accident the roadway sloped toward the truck's left. The highway northerly from the brow of the hill could not be seen from the truck at that point.

The car in which the plaintiff was riding was traveling in a southerly direction, driven by the plaintiff's sister. The plaintiff was seated in the middle of the front seat. As this car came over the brow of the hill, going at a speed of twenty to twenty-five miles per hour, the driver saw the truck about half way down the hill at a distance which she estimates at seventy-five to one hundred feet. The trailer of the truck was on its own side of the road and the cab or tractor part was jack-knifed over upon its left side of the road in such a way as to make passage by another vehicle difficult or impossible. The road, as observed by the driver of the car, was slippery in spots. As she came down the hill she was unable to stop her car and the collision followed, resulting in injuries to the plaintiff. The truck was stationary when it was hit.

The undisputed evidence shows that as the truck approached the top of the hill the wheels began slipping and being unable to proceed the front end slid to the left bringing the tractor and trailer into the position in which they were at the time of the accident. The driver of the truck, improved as a witness by the plantiff, testified that the truck hadn't been there a minute when plaintiff's car came down over the hill and that he was still in the cab back of the wheel, had opened the left door and was looking out, getting ready to back down the hill. No evidence was offered tending to show negligence in the operation of the truck prior to the time that it stopped across the road and no claim was made by the plaintiff of such prior negligence. Her only claim of negligence was that Valisi allowed the truck to remain in that position without taking measures to give warning to vehicles coming down the hill.

The testimony of Mrs. Lillian Parker and of Garnet Jones as to statements made to them by Valisi after the accident was received over the objection and exception of the defendant, solely as admissions of the agent binding on his principal. The testimony

was not offered or received as impeaching evidence. The record of Mrs. Parker's testimony is as follows:

"Q. What did he (Valisi) say?
A. He said, 'It's my fault, I am to blame.' "

And the record of the testimony of Garnet Jones is as follows:
"Q. Now getting back to this conversation that you had with him, what did he say if anything?
Q. (adding) In regard to the length of time that he had been there?
A. He said that he had been there between five and ten minutes.
Q. And whether or not that answer was made in response to a question that you asked him?
A. I'd asked him about how long he had been there.
Q. And did he make any other statements while you were talking to him in the cab?
A. He did.
Q. What did he say?
A. He said that he knew he was at fault and that he should not have been there."

Valisi was employed only as a driver of defendant's truck. He had nothing to do with loading or unloading and had no other duties as an employee of the defendant. It is only when an agent is acting within the scope of his authority and his admission relates to an act or negotiation connected therewith that it is admissible against his principal. *Cameron* v. *Blanchard et ux.*, 107 Vt. 51, 55, 56, 176 Atl. 290; *In re Barron's Estate*, 92 Vt. 460, 466, 105 Atl. 255; *Spinney's Admx.* v. *Hooker & Son*, 92 Vt. 146, 151, 102 Atl. 53; *Taplin & Rowell* v. *Marcy*, 81 Vt. 428, 441, 71 Atl. 72.

Mrs. Parker testified that the statement to her was made after she had gotten out of her car and while she was standing in front of it after the accident and later than a remark which she made to the driver. It appeared that the alleged statements to Jones were made twenty to thirty minutes after the accident and after the truck had been moved and while the driver was waiting for a tow car.

It is said by eminent authorities that the doctrine of *res*

*gesta* has no application in situations where the declaration of an agent is involved, the only question then being, ordinarily, whether the agent has the power to bind his principal. See Thayer, Cases on Evidence, 2nd ed., 641; McKelvey on Evidence, 3rd ed., sec. 216; Wigmore on Evidence, vol. II, sec. 1078. In this case we need go no further than to consider whether the driver had authority to bind his principal by the declarations attributed to him. That he did not have such authority is apparent from the fact that the statements were narrative of a completed transaction and were not made by the driver in the course of any work he was employed to do. He had no authority to bind his principal by admissions of negligence. *Blunt* v. *Montpelier & W. R. R. R.*, 89 Vt. 152, 155, 94 Atl. 106; *Booth* v. *New York Cent. R. R. Co.*, 95 Vt. 9, 15, 112 Atl. 894; Wigmore on Evidence, vol. II, sec. 1078.

The defendant briefs an exception to the denial of its motion for a directed verdict made at the close of all the evidence. There was no evidence in the case tending to show negligence on the part of the defendant as claimed by the plaintiff, except the statements which we hold were not admissible. While authority *contra* may be found elsewhere the rule which seems the better one and which we have followed in Vermont is that inadmissible evidence, received under objection, is not for consideration in passing on a motion for a directed verdict. *Booth* v. *New York Cent. R. R. Co.*, 95 Vt. 9, 15, 16, 112 Atl. 894; *Creech* v. *New York & St. L. Ry. Co.*, 22 Ohio App. 216, 153 N. E. 299, 300; *Sartain* v. *Walker*, 60 Okla. 258, 159 Pac. 1096, 1105; *Clinton Nat. Bank* v. *McKennon*, 26 Okla. 835, 110 Pac. 649, 650. Since there was no admissible evidence upon which the jury could base a verdict for the plaintiff the motion for a directed verdict should have been granted and its denial was error.

*Judgment reversed and judgment for the defendant to recover its costs.*